IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMIL HOHMANN,** | : CIVIL ACTION NO. 1:15-CV-1200 |
| Plaintiff | : (Chief Judge Conner) |
| v. | : |
| **OFFICER MILLER,** | : |
| Defendant | : |

### **MEMORANDUM**

*Pro se* plaintiff Emil Hohmann ("Hohmann") commenced this civil action with the filing of a complaint in the Court of Common Pleas for Cumberland County, Pennsylvania. Therein, Hohmann asserts sundry constitutional and common law claims against defendant Officer Miller ("Miller"), arising out of a traffic stop and resultant summary convictions for operating an unregistered vehicle with a suspended driver's license. Miller moves the court for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 14). The court will grant Miller's motion in its entirety.

I. **Factual Background and Procedural History**[1]

Christopher Miller is a police officer with the Carlisle Borough Police Department in Cumberland County, Pennsylvania. (Doc. 16 ¶ 1). At approximately 2:05 p.m. on Friday, April 10, 2015, Miller conducted a traffic stop of a 2007 KIA station wagon bearing Pennsylvania license plate number HDZ7427. (Id. ¶ 2; see Doc. 16, Ex. A at 4). The stop occurred in the area of North Pitt Street and West Louther Street in Carlisle, Pennsylvania. (Doc. 16 ¶ 3). Miller commenced the stop upon learning that the registration for the subject vehicle had expired more than two years earlier. (See id. ¶ 4).

Miller approached the vehicle and asked the driver to provide identification. (Doc. 16 ¶ 5). The driver refused to provide identification, questioning the legality of the traffic stop under the Fifth Amendment to the United States Constitution. (Id.; see also Doc. 16, Ex. A at 5). Upon further inquiry, the driver identified himself as Emil Hohmann. (See Doc. 16 ¶ 6; see also Doc. 16, Ex. A at 5). Miller subsequently confirmed Hohmann's identification and learned that Hohmann's driver's license

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. A nonmovant's failure to comply with Rule 56.1 permits a court to deem the movant's statement of material facts to be undisputed. Id.; see, e.g., Kuhn v. Capitol Pavilion, No. 1:11-CV-2017, 2012 WL 5197551, at *9 (M.D. Pa. Oct. 19, 2012) (Rambo, J.); Thomas v. United States, 558 F. Supp. 2d 553, 558-59 (M.D. Pa. 2008) (Conner, J.). Hohmann did not file a response to Miller's statement of material facts as required by Local Rule 56.1. Nor does Hohmann dispute Miller's account in his opposition brief. (See Doc. 18). As a consequence, the court deems Miller's statement of facts to be undisputed. See LOCAL RULE OF COURT 56.1.

was suspended. (See Doc. 16 ¶¶ 7-8). Miller issued two summary traffic citations to Hohmann: Citation # E0200159-1 for the expired registration and Citation # E0200142-5 for a suspended driver's license. (Id. ¶ 9; see Doc. 16, Ex. B).

Hohmann was not taken into custody and was free to leave upon issuance of the summary traffic citations. (See Doc. 16 ¶¶ 11-12). On August 8, 2015, Hohmann appeared *pro se* before Magisterial District Justice Jessica Brewbaker, who found him guilty of both traffic citations after a summary trial. (See id. ¶ 13; see also Doc. 16, Ex. C). Hohmann filed a timely summary appeal to the Court of Common Pleas for Cumberland County. (Doc. 16 ¶ 14; see also Doc. 16, Ex. C). Following a *de novo* summary trial before the common pleas court, Judge Albert H. Masland issued an order finding Hohmann guilty beyond a reasonable doubt of the charged traffic infractions. See Commonwealth v. Hohmann, CP-21-SA-0190-2015 (Pa. Ct. Com. Pl. Nov. 3, 2015). Hohmann did not appeal Judge Masland's verdict.

On May 26, 2015, while the summary traffic citations were pending but not yet adjudicated, Hohmann commenced this action by filing a seven-count complaint in the Court of Common Pleas for Cumberland County. (Doc. 1, Ex. A). Therein, Hohmann asserts the following claims: unlawful detention, by conducting a traffic stop without probable cause or jurisdiction (Count I); slander, by calling Hohmann a "driver" during the traffic stop (Count II); unlawful seizure, by demanding that Hohmann identify himself (Count III); fraud, by violating the laws of Pennsylvania and the United States in conducting an unlawful traffic stop (Count IV); libel, by issuing two summonses identifying Hohmann as a "driver" (Count V); aggravated trespass, by carrying a firearm in its holster upon approaching Hohmann's vehicle

3

(Count VI); and trespass, by issuing two summonses to Hohmann without proper authority (Count VII).[2]

Miller removed the matter to this court on June 18, 2015, (Doc. 1), and filed an answer and affirmative defenses thereafter. (Doc. 6). After a period of discovery during which neither party noticed a deposition, Miller filed the instant motion (Doc. 14) for summary judgment. The motion is fully briefed (Docs. 15, 18) and ripe for disposition.

## II. Legal Standard

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. FED. R. CIV. P. 56(a). The burden of proof tasks the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986). Only if this threshold is met may the cause of action proceed. See Pappas, 331 F. Supp. 2d at 315.

---

[2] Hohmann's pleading is misnumbered and asserts Count III twice. (Doc. 1, Ex. A). For clarity, the court renumbers the counts consecutively herein.

**III.   Discussion**

In his initial pleading, Hohmann cites various federal and state constitutional provisions in support of his claims, but his ultimate theory of liability is less than pellucid.  (See Doc. 1, Ex. A).  Likewise, Hohmann's Rule 56 opposition brief does little to enlighten the court's analysis.  (See Doc. 18).  Nonetheless, the court is cognizant of its obligation to liberally construe *pro se* submissions.  See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Gibbs v. Roman, 116 F.3d 83, 86 n.6 (3d Cir. 1997)).  So construed, the gravamen of Hohmann's claims appears to be that Miller violated his constitutional right to be free from unlawful searches and seizures by conducting a traffic stop *sans* jurisdiction.[3]  (See Doc. 1, Ex. A).  The court will analyze Hohmann's constitutional claims through the prism of the Fourth Amendment and 42 U.S.C. § 1983.

Miller raises four challenges to Hohmann's claims, asserting: first, that Hohmann's federal constitutional claims are barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994); second, that a traffic stop does not constitute a "seizure" for purposes of the Fourth Amendment; third, that no private cause of action for damages exists under the Pennsylvania Constitution; and fourth, that Hohmann's lawful citation and conviction render each of his state and federal claims meritless.  The court turns first to Miller's favorable termination argument.

---

[3] Hohmann also cites to the Fifth Amendment throughout his pleading but fails to articulate a cognizable Fifth Amendment claim.  (See Doc. 1, Ex. A at 3).

### A.   The Heck v. Humphrey Claim Bar

In Heck v. Humphrey, the Supreme Court of the United States held that a plaintiff may not recover damages for a constitutional claim under § 1983 if doing so would necessarily impugn the validity of the plaintiff's prior conviction. 512 U.S. at 486-87. The Court announced, in pertinent part:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Id. at 487. In other words, proof that a plaintiff's underlying conviction has been vacated, set aside, or otherwise altered is a prerequisite to any § 1983 claim which would imply the invalidity of that conviction. See id.; Grier v. Klem, 591 F.3d 672, 677 (3d Cir. 2010). The rule serves the threefold purposes of avoiding parallel litigation over issues such as probable cause and guilt; preventing inconsistent resolutions of same or similar issues; and precluding a defendant from collaterally attacking his conviction through a civil suit. See Gilles v. Davis, 427 F.3d 197, 209 (3d Cir. 2005) (citing Heck, 512 U.S. at 483); see also Bronowicz v. Allegheny Cnty., 804 F.3d 338, 345 (3d Cir. 2015).

The Heck claim bar precludes each of Hohmann's federal constitutional claims. Hohmann's convictions have not been reversed, expunged, or declared invalid by a state tribunal, and no federal court has issued a writ of habeas corpus calling the convictions into question. See Heck, 512 U.S. at 487. As noted *supra*,

6

Hohmann did not appeal the guilty verdicts to the Superior Court of Pennsylvania, nor did he collaterally attack those convictions in a federal habeas proceeding. (See Doc. 16 ¶ 16). Moreover, Hohmann's constitutional claims—that Miller was without jurisdiction to conduct the traffic stop, request identification, and issue summary traffic citations—expressly call into question the legality of the underlying citations and resultant convictions. (See Doc. 1, Ex. A at 2-3). These assertions fall squarely within the category of claims precluded by Heck.

### B. Pennsylvania Constitutional Claims

Hohmann also cites to various provisions of the Pennsylvania Constitution in support of his request for damages. (See Doc. 1, Ex. A at 2-3). However, no private cause of action for monetary damages exists under the Pennsylvania Constitution. See Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist., 442 F. App'x 681, 687-88 (3d Cir. 2011) (citing Jones v. City of Phila., 890 A.2d 1188, 1216 (Pa. Commw. Ct. 2006)); Banks v. City of York, No. 1:14-CV-1191, 2015 WL 4092342, at *10 (M.D. Pa. July 7, 2015); Winkler v. Pa. Dep't of Agric., 994 F. Supp. 2d 668, 673 (E.D. Pa. 2014); One Three Five, Inc. v. City of Pittsburgh, 951 F. Supp. 2d 788, 809-10 (W.D. Pa. 2013). The court will enter summary judgment in favor of Miller to the extent Hohmann seeks damages under the Pennsylvania Constitution.

### C. Pennsylvania Common Law Claims[4]

Hohmann also refers broadly to common law offenses of fraud, slander, and libel in Counts II, IV, V, and VII of his pleading. (See Doc. 1, Ex. A). In his Rule 56 briefing, Miller submits that Hohmann's claims fail on a central element of each of these offenses, to wit: Hohmann has not demonstrated that any statement made by Miller was false, slanderous, or libelous. (See Doc. 16 at 14-15).

Hohmann does not respond to Miller's arguments with respect to his common law claims, nor does he submit any evidence in support thereof. (See Doc. 18). Instead, Hohmann cursorily reiterates his belief that the underlying traffic stop and resultant convictions are unlawful. (See id.) But Rule 56 demands more than a collection of unsustainable legal assertions and baseless conjecture. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 252 (3d Cir. 2010) (citing Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989)); Pobodnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting Celotex Corp., 477 U.S. at 325). The Rule tasks Hohmann to submit evidence in support of a viable legal theory and to demonstrate that genuine disputes of fact remain for trial. See FED. R. CIV. P. 56(e). Absent any submitted proof in support of the state common law claims, the court must grant Miller's motion for summary judgment thereon.

---

[4] A federal court may, in its discretion, decline to exercise supplemental jurisdiction over a state law claim if it is has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3). Miller requests that the court retain supplemental jurisdiction over Hohmann's state law claims, and Hohmann does not object to Miller's request. (Doc. 15 at 13 n.2; see Doc. 18). The court finds that, in light of the patent frivolity of Hohmann's claims, the interests of judicial economy, convenience to the parties, and fairness compel the court to retain jurisdiction over and to resolve Hohmann's state law claims.

**IV.    Conclusion**

The court will grant Miller's motion (Doc. 14) for summary judgment. An appropriate order shall issue.

       /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      April 13, 2016